## BIRD v DUGGAN

## DUGGAN v BIRD

Ohio Appeals, 2nd Dist, Franklin Co
No. 1990, 2000. Decided May 6, 1931

Arnold, Wright & Purpus, Columbus, for Duggan.

Bennett, Westfall & Bennett, Columbus, for Bird.

BY THE COURT:

An application has been filed for rehearing supported by briefs of counsel for plaintiff in error. Counsel for defendants in error have also filed briefs upon the application for a rehearing so that we have the entire case for reconsideration. The case was submitted in the Court of Common Pleas upon the evidence taken in the court below and the Court of Common Pleas made a special finding of facts, which is also before this court. We did not consider that there was any serious question as to any point made by plaintiff in error except as to the right of Zella Bird to recover a personal judgment for the amount claimed to be due her, to-wit, one-half of the amount received by John E. Duggan as administrator of Garfield Duggan from the Ohio National Bank at Columbus, Ohio. Upon this point there was a question as to whether the judgment should have been rendered in the Court of Common Pleas in favor of Zella Bird, the sister of the deceased wife of Garfield Duggan. Under the laws of our state she would be clearly entitled to one-half of the estate of Garfield Duggan if he died a resident of this state. It does not appear from the pleadings in the case that there was any indebtedness of the estate of Garfield Duggan either presented to Zella Duggan as the Ohio administrator or to the administrator appointed in Pennsylvania. It appears that under paragraph VII the Court of Common Pleas found that the evidence in that case did not show the record of an appointment having been made of John E. Duggan as administrator of the estate of Garfield Duggan in Montgomery County, Pennsylvania, and there is no evidence of any inventory having been made of money so taken by the defendant, John E. Duggan as administrator aforesaid, and it does not affirmatively appear in the record in this case that there is such indebtedness in the State of Pennsylvania although there may be some presumption that there is indebtedness either of the last sickness of Garfield Duggan and his burial expenses but in the absence of a record to that effect we cannot presume that such indebtedness existed and is still existing.

We, therefore, cannot escape the view that the judgment heretofore reached by this court is correct and must be adhered to.

ALLREAD, PJ, HORNBECK, KUNKLE, JJ, concur.